

Christopher M. Lucca
*Attorney at Law*
Direct Dial: 215.864.8073
Direct Fax: 215.864.0062
clucca@conradobrien.com

October 15, 2021

*Via ECF filing*

The Honorable Renée Marie Bumb
United States District Court, District of New Jersey
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

> **RE:** ***Renee Handley v. Rowan Univ. and Noah Weinstein (No. 21-cv-16889)***
> ***Request for Pre-Motion Conference re Motion to Dismiss***

Dear Judge Bumb,

I represent Defendant, Noah Weinstein ("Mr. Weinstein"), in the above-referenced matter. Pursuant to your procedures, I write to respectfully request a pre-motion conference in advance of filing a motion to dismiss in response to Plaintiff Renee Handley's Complaint.

## A.      Background and Procedural History

On September 14, 2021, Plaintiff filed her Complaint against Rowan University ("Rowan" or "University") and Mr. Weinstein. (ECF No. 1.) Plaintiff is a student at Rowan ("Rowan"). (Am. Compl. ¶ 1.) Mr. Weinstein is employed by Rowan in the Disability Resources Office. (Am. Compl. ¶ 13.) Plaintiff's claims arise out of what she characterizes as "ongoing issues with the University, which included sex- and gender-based discrimination, campus safety, dating violence at the Univeristy [sic], stalking," and an alleged rape perpetuated by an unidentified male student. (Am. Compl. ¶ 44.) Plaintiff pleads eight[1] counts, but only six are directed at Mr. Weinstein:

- Count 1, Sex and Gender Discrimination in Violation of Title IX;
- Count 2, Retaliation under Title IX;
- Count 4, Discrimination under the Americans with Disability Act ("ADA");
- Count 4 [sic], Discrimination under § 504 Rehabilitation Act;
- Count 5, New Jersey Law Against Discrimination ("NJLAD"); and
- Count 6, Emotional Distress.

---

[1]      Plaintiff misnumbered two of her claims as "Count 4." So while the last claim is labeled "Count 7," there are really eight claims in Plaintiff's Complaint.

Page 2                                                                CONRAD O'BRIEN PC
October 15, 2021
_____

After waiving service of process, Mr. Weinstein's responsive pleading deadline is November 15, 2021. (ECF No. 4.)

**B.      Motion to Dismiss**

As outlined below, Plaintiff's claims against Mr. Weinstein are deficient and should be dismissed.

**1.      Plaintiff's claims arising under Title IX, the ADA, and the Rehabilitation Act all fail because there is no individual liability under these statutes.**

The ADA, Section 504 of the Rehabilitation Act, and Title IX "do not provide for individual liability." *C.M. v. Pemberton Twp. High Sch.*, No. CV 16-9456 (RMB/JS), 2017 WL 384274, at *4 (D.N.J. Jan. 27, 2017) (collecting cases and dismissing claims brought against individual defendants under each of these statutes).

**First**, there is no individual liability under Title IX. *See Winter v. Pennsylvania State Univ.*, 172 F. Supp. 3d 756, 776 (M.D. Pa. 2016) (dismissing Title IX discrimination claim brought against individuals employed by university); *Powell v. Saint Joseph's Univ.*, No. CV 17-4438, 2018 WL 994478, at *7 (E.D. Pa. Feb. 20, 2018) (same). **Second**, there is no individual liability under the ADA. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) ("This result comports with decisions of other courts of appeals holding that individuals are not liable under Titles I and II of the ADA, which prohibit discrimination by employers and public entities respectively."); *Matthews v. Pennsylvania Dep't of Corr.*, 613 F. App'x 163, 170 (3d Cir. 2015) (affirming dismissal of ADA claim against individually named defendants). **And third**, there is no individual liability under the Rehabilitation Act. *See Matthews*, 613 F. App'x at 169-170 (affirming dismissal of Rehabilitation Act claim against individually named defendants). Accordingly, Counts 1, 2, 4, and 4 [sic] should be dismissed with prejudice against Mr. Weinstein.

**2.      Plaintiff's claims arising under the NJLAD fail because Plaintiff has not, and cannot, plead a theory of aiding and abetting against Mr. Weinstein.**

"Direct liability under [the] NJLAD is . . . generally limited to employers." *Powell v. Verizon*, No. CV198418KMMAH, 2019 WL 4597575, at *4 (D.N.J. Sept. 20, 2019) (dismissing NJLAD claims brought against individual defendants). An exception to this rule is confined to supervisors who can be held individually liable under a theory of aiding and abetting. *See Guarneri v. Buckeye Pipe Line Servs. Co.,* No. CIV.A. 14-1131 JBS, 2014 WL 1783072, at *2 (D.N.J. May 5, 2014) (collecting cases and dismissing individual defendant because plaintiff did not allege individual defendant had supervisory authority); *see also Ross v. Amazon.com, Inc.*, No. CV191864SDWLDW, 2019 WL 1227112, at *2 (D.N.J. Mar. 14, 2019) ("Courts have held that the NJLAD does not impose individual liability upon non-supervisory employees.").

For a supervisor to be held liable as an aider and abettor, a plaintiff must allege: "(1) the employer whom the defendant aided performed a wrongful act causing injury; (2) the defendant was generally aware of [his] role as part of an overall illegal or tortious activity at the time that

**CONRAD O'BRIEN PC**

_____

[he] provided the assistance; and (3) the defendant knowingly and substantially assisted the principal violation." *Ross,* 2019 WL 1227112, at *2. To determine whether a supervisor "knowingly and substantially" assisted in the principal violation, a court should consider: "(1) the nature of the act encouraged, (2) the amount of assistance given by the supervisor, (3) whether the supervisor was present at the time of the asserted harassment, (4) the supervisor's relations to the others, and (5) the state of mind of the supervisor." *Id.*

Here, Plaintiff has not even tried to adequately plead **any** of these elements against Mr. Weinstein in Count 5 of her Complaint. *See id.* (dismissing individual defendant due to deficiently plead claim of aiding and abetting under NJLAD). Nor can she as Mr. Weinstein did not hold a supervisory position at Rowan—a fact Plaintiff implicitly admits in paragraph 18 of her Complaint. *See Reynolds v. Jersey City Dep't of Pub. Works*, No. CV 2:18-1418, 2019 WL 117976, at *5 (D.N.J. Jan. 4, 2019) (explaining "individual liability is confined to supervisory employees" and dismissing non-supervisory individual defendants). Accordingly, Count 5 should be dismissed with prejudice against Mr. Weinstein.

> **3.     Plaintiff's claim for intentional infliction of emotional distress fails because all of the alleged conduct occurred outside the statute of limitations.**

In New Jersey, the applicable statute of limitations for all "actions for injury to persons by wrongful action" is two years. *See* N.J.S.A. 2A:14–2. This limitations period applies to a claim for intentional infliction of emotional distress. *See Morisseau v. Borough of N. Arlington*, No. CV 16-837, 2018 WL 1522731, at *11 (D.N.J. Mar. 28, 2018). In Count 6, Plaintiff identifies several alleged incidents involving Mr. Weinstein that allegedly caused her emotional distress. (*See* Am. Compl. ¶ 92(d).) Earlier in her Complaint, Plaintiff identifies each of the incidents as having occurred prior to September 14, 2019—*i.e.*, over two years prior to the filing of her Complaint. (*See, e.g.,* Am. Compl. ¶¶ 13, 15, 19, 21, 22, 29.) Accordingly, Count 6 is time-barred against Mr. Weinstein on the face of Plaintiff's Complaint. *See Morisseau*, 2018 WL 1522731, at *11 (dismissing IIED claim as time-barred).

**C.     Conclusion**

In sum, Plaintiff's claims against Mr. Weinstein fail as a matter of law. Unless Plaintiff agrees to voluntarily dismiss Mr. Weinstein from this case, Mr. Weinstein intends to file a Rule 12(b)(6) motion to dismiss by the responsive pleading deadline. Per the Court's procedures, Mr. Weinstein respectfully requests a pre-motion conference to potentially avoid the need to file such a motion.

Respectfully,

*s/ Christopher M. Lucca*
Christopher M. Lucca, Esq.
Patricia M. Hamill, Esq. (*motion for PHV admission forthcoming*)
*Counsel for Defendant Noah Weinstein*