

James A. Keller
Phone: (215) 972-1964
Fax: (215) 972-4152
James.Keller@saul.com
www.saul.com

November 2, 2021

**Via ECF**
Hon. Renee Marie Bumb
United States District Court, District of New Jersey
Mitchell H. Cohen Courthouse
4th and Cooper Streets
Camden, NJ 08101

   Re: **Renee Handley v. Rowan University & Noah Weinstein**
      **No. 1:21-cv-16889**

Dear Judge Bumb:

  This firm represents Defendant Rowan University ("Rowan"). Pursuant to Rule I(A) of Your Honor's Rules and Procedures, Rowan respectfully requests a pre-motion conference in advance of its anticipated motion to dismiss Plaintiff Renee Handley's ("Plaintiff") Complaint.

**A. Background and Procedural History**

  Plaintiff filed a Complaint against Rowan and Noah Weinstein, an employee in its Disability Resources Office, on September 14, 2021. (Doc. 1.) Plaintiff is a student at Rowan, with an anticipated December 2021 graduation date. (*Id*. at ¶ 60(c)). Generally, Plaintiff's claims are premised on alleged inappropriate comments Weinstein made in 2018 and early 2019, a Title IX proceeding that occurred in 2019, Rowan's alleged failure to accommodate her disabilities, and its response to a second Title IX proceeding in 2021. Plaintiff claims she was the target of "ongoing and continuous discrimination" based on her "sex, gender, and disability status" (*id*. at ¶ 1), and alleges, in conclusory fashion, that she feels "unsafe at school and excluded from her education," "has suffered emotional and financial harm," and has been subject to retaliation. (*Id*. at ¶¶ 54, 59.) Rowan waived service of the Complaint on September 14, 2021 (Doc. 5), and has a November 15, 2021 response deadline. (*Id*.).

  The Complaint asserts eight counts against Rowan: (1) sex and gender discrimination in violation of Title IX (Count One); (2) retaliation under Title IX (Count Two); (3) state created danger under 42 U.S.C. § 1983 (Count Three); (4) discrimination under the Americans with Disabilities Act ("ADA") (Count Four); (5) discrimination under § 504 of the Rehabilitation Act (mislabeled as "Count Four"); (6) violation of the New Jersey Law Against Discrimination ("NJLAD") (Count Five); (7) intentional infliction of emotional distress (Count Six); and (8) negligent hiring, retention, and training of staff (Count Seven). As set forth below, each of these claims should be dismissed.

**B.     Plaintiff Has Failed to State a Claim Under Title IX, § 1983, the ADA, and § 504**

As an initial matter, any claims based on events occurring prior to September 14, 2019 are time-barred by the two-year statute of limitations governing Title IX and § 1983. *See D.N. v. Stockton Univ.*, No. CV 18-11932, 2019 WL 2710500, at *4 (D.N.J. June 28, 2019) (Bumb, J.) (applying two-year statute of limitations to Title IX and § 1983 claims). Aside from being time-barred, Plaintiff has not pleaded actionable federal claims.

1.     *Title IX Deliberate Indifference and Retaliation (Counts One and Two).* A deliberate indifference Title IX claim may lie "only where the funding recipient is deliberately indifferent to sexual harassment, of which the recipient has actual knowledge, and that harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629 (1999). Here, Plaintiff does not allege that Rowan had actual knowledge of Weinstein's alleged conduct, and otherwise makes non-specific references to "ongoing sexual violence, dating violence, and stalking." (*See* Doc. 1, ¶ 60(g)). Even if Plaintiff had pleaded knowledge, Weinstein's sporadic comments (to the extent not time-barred), are not sufficiently severe or pervasive to survive dismissal. Further, Plaintiff's general allegations of "negative impacts" do not meet the "high bar" needed to state a claim, because she has not alleged a "systemic denial of equal access to educational opportunities or benefits." *See Roe v. Pennsylvania State Univ.*, No. CV 18-2142, 2019 WL 652527, at *6 (E.D. Pa. Feb. 15, 2019); *Nungesser v. Columbia Univ.*, 244 F. Supp. 3d 345, 367 (S.D.N.Y. 2017) (general allegations that the plaintiff's "academic experience suffered" did not save complaint from dismissal). Finally, Plaintiff has not pleaded, beyond mere generalities, that Rowan retaliated against her *because* she complained about sexual discrimination, as she must to state a claim for Title IX retaliation. *Yan Yan v. Penn State Univ.*, 529 Fed. App'x 167, 171 (3d Cir. 2013).

2.     *Plaintiff Has Not Alleged an Actionable § 1983 Claim (Count Three)*. Public entities may only be held liable under § 1983 for actions of employees that "are effected pursuant to some policy, practice, or custom of the entity." *Graham v. Huevel*, No. CIV.A. 10-1268 JAP, 2011 WL 1256607, at *2 (D.N.J. Mar. 28, 2011). A claim for § 1983 state-created danger requires a showing that (1) the harm to the plaintiff was foreseeable and direct; (2) a state actor acted with culpability that "shocks the conscience"; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts; and (4) the state actor affirmatively used his or her authority to create a danger to the plaintiff. *Id.* A harm is "foreseeable" when the state actor has "actual awareness, based on concrete information, of a risk of harm to an individual." *Id*. Here, Plaintiff has not alleged that Rowan was actually aware of Weinstein's alleged conduct, and her vague references to infringements on her "safety" are not "foreseeable and direct" harm that would give rise to a state-created danger claim. Accordingly, Count Three should be dismissed.

3.     *Plaintiff Has Not Stated a Claim for Violation of § 504 or ADA Discrimination (Count Four)*. Among other things, a claim under § 504 or the ADA requires the plaintiff to plead that she was excluded from or denied the benefits of federally funded program because of her disability. *C.M. v. Pemberton Twp. High Sch.*, No. CV 16-9456, 2017 WL 384274, at *6 (D.N.J.

Jan. 27, 2017) (Bumb, J.) (alterations in original). "[C]laims for compensatory damages under § 504 of the [Rehabilitation Act] and § 202 [Title II] of the ADA . . . require a finding of intentional discrimination," which Plaintiff has not sufficiently pleaded here. *See id.* (dismissing ADA and § 504 claims because plaintiff failed to allege "how [she] ha[d] been denied equal access to educational opportunities . . . as a result of" two isolated incidents, and that inadequate response was "because of" plaintiff's disability).

C.  **Plaintiff's NJLAD, Emotional Distress, and Negligent Hiring Claims Should Also be Dismissed (Counts Five, Six, and Seven)**

If Plaintiff's federal claims are dismissed, the court should decline to exercise jurisdiction over Plaintiff's NJLAD (Count Five), emotional distress (Count Six), and negligent hiring (Count Seven) claims for lack of subject matter jurisdiction. *See Rothman v. City of Northfield*, 716 F. Supp. 2d 369, 373 (D.N.J. 2010).

Moreover, Plaintiff's claims are barred by New Jersey's Tort Claims Act ("TCA"), which shields a public entity from liability for "the acts or omissions of a public employee constituting . . . actual malice or willful misconduct" and "injury caused by . . . failing to enforce any law." N.J.S.A. 59:2-10; N.J.S.A. 59:2-4; *see, e.g. Graham*, 2011 WL 1256607, at *9 (dismissing emotional distress claim premised on teacher's "knowing, intentional, purposeful, and willful" harassment of student). The TCA also requires "[a] suit [to] be dismissed if the claimant did not provide a notice of claim to the entity within ninety days of the 'accrual of a cause of action,'" which has not occurred here. *See D.N.*, 2019 WL 2710500, at *5 (citing *N.J.S.A.* 59:1–2; N.J.S.A. 59:2–1; N.J.S.A. 59:3–1) (holding that if plaintiff's personal injury claims against Stockton University were not time-barred, they would still be dismissed for failure to comply with the TCA). Accordingly, Plaintiff's tort claims should be dismissed because they are barred by the TCA.

Finally, as noted above, to the extent Plaintiff relies on conduct that occurred before September 14, 2019, her claims are time-barred by New Jersey's two-year statute of limitations for tort claims and the NJLAD. *D.N.*, 2019 WL 2710500, at *4; *Montells v. Haynes*, 133 N.J. 282, 293 (1993). For these reasons, Plaintiff's state law claims should be dismissed as a matter of law.

D.  **Conclusion**

In sum, the Complaint should be dismissed against Rowan for failure to state a claim. Unless Plaintiff agrees to voluntarily dismiss Rowan, it intends to file a Rule 12(b)(6) motion to dismiss by the responsive pleading deadline. Per the Court's procedures, Rowan respectfully requests a pre-motion conference to attempt to resolve these issues.

Respectfully submitted,

*/s/ James A. Keller*
James A. Keller, Esq.

39163127.5